■ SANTO SOTTOSANTI, Respondent, v. FRED SLAFF et al., Appellants.— Judgment in favor of plaintiff unanimously reversed, on the law and in the exercise of discretion and a new trial ordered, with costs to abide the event. The reading of the bill of particulars to the jury was prejudicial to the defendant and constituted reversible error. The defendant was entitled to have the quantum of damages determined by the jury based upon the proof adduced rather than

by what was alleged in the bill. The recitation of the injuries alleged in the bill of particulars — despite strong objection by defense counsel — might well have caused the jury to base the amount of its verdict in some part upon injuries alleged but unsupported by competent proof. That possibility was not obviated by the court's instruction that the allegations of the bill of particulars had to be proven. Particularly prejudicial was the colloquy between the court and plaintiff's counsel concerning the alleged injury that plaintiff's counsel "omitted or forgot to prove". The impact of such discussion was aggravated by the court referring in its charge to that item of injury, the court stating that it had already read it to the jury. How much weight the jury gave to that specific item or whether the jury, moved by sympathy or other considerations, tried to "cure" the so-called "omission" we cannot tell. In the circumstances a new trial is required. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.